# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 865 | **DATE** | AUG 2 3 2000 |
| **CASE TITLE** | Norman Wexler vs. Banc of America, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Varga Berger Ledsky Hayes & Casey's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Defendant Varga Berger Ledsky Hayes & Casey's Motion to Dismiss Count V is GRANTED. Defendant Varga Berger Ledsky Hayes & Casey is dismissed from the case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | **Document Number** |
| | Notices mailed by judge's staff. | number of notices | |
| | Notified counsel by telephone. | AUG 2 5 2000 date docketed | 18 |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | |
| MEA (lc) | courtroom deputy's initials | 00 AUG 24 PM 4: 02 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORMAN P. WEXLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 865 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| BANC OF AMERICA AUTO FINANCE ) | |
| CORP., and VARGA, BERGER, LEDSKY, ) | |
| HAYES & CASEY, P.C., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 25 2000

## MEMORANDUM OPINION AND ORDER

Before this court is defendant Varga Berger Ledsky Hayes & Casey's ("VBLHC") motion to dismiss Count V of plaintiff Norman Wexler's ("plaintiff" or "Wexler") five count complaint brought under the Fair Debt Collections Practices Act, 15 U.S.C. § 1681 et seq. For the following reasons, VBLHC's motion is GRANTED and VBLHC is dismissed from the case.

### Background

The plaintiff alleges that he is a lessee of an automobile that was assigned by the original lessor, Air One Auto Leasing L.L.C. ("Air One"), to Banc of America Auto Finance Corporation ("Banc America"). (Complaint ¶¶ 1, 5). The plaintiff had leased the car from Steve Foley Cadillac Rolls Royce ("Steve Foley Cadillac") and the lease agreement was through Air One. (Complaint ¶¶ 1, 2). The plaintiff, in his individual capacity and as the attorney for Steve Foley Cadillac, communicated to Banc America that the lease was not valid because Steve Foley Cadillac had not been paid by the original lessor, Air One. (Complaint ¶¶ 9,10). The plaintiff alleges that Steve



1

Foley Cadillac was still the owner of the car and that the lease was null and void. (Complaint ¶ 10, Ex. D). One of the defendants, VBLHC, counsel to Banc America, responded to the plaintiff's communication with a letter that stated:

> ... My understanding is that Banc America personnel have discussed this matter with you or Mr. Foley several times over the past several weeks and have reiterated that Banc America has valid leases on the transactions noted above. As such, any action taken in derogation of Banc America's interest in such leases will be done at the peril of those persons taking such actions, including, but not limited to breach of the leases, interference with contractual relations and conversion. We urge you to consider very carefully - or reassess - the actions outlined as those which you have instructed Mr. Foley to take and those which you my proceed to take on your own behalf.
>
> ... As to your assertion, on your personal lease, that you have chosen not to recognize the validity of the lease, Banc America requests that you please reconsider the matter. ... Banc America suggests, with all due respect, that you consider your interests as lessee apart from your interests as attorney for Mr. Foley. In any event, we request that you, personally or as attorney for Mr. Foley, inform all parties dealing with the subject vehicles about Banc America's rights to such collateral and leases pertaining thereto, for those parties will take the vehicles subject to Banc America's superior rights.
> (Complaint, Ex. D).

The plaintiff filed this complaint alleging in Count V that VBLHC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), by sending the quoted letter. (Complaint, Count V, ¶¶ 1-7). In response, VBLHC has filed this motion to dismiss.

## Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved

2

consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). However, the court need "not strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Analysis

In Count V, the plaintiff alleges that VBLHC is a debt collector, the letter sent by VBLHC to the plaintiff is a letter demanding payment of debt, and the letter is "guilty of committing one or more or all of the following acts in violation of the FDCPA." (Complaint ¶¶ 2, 4, 5, 6, citing 15 U.S.C. §§1692e(2)(5)(10), 1692g). The court does not need to address the issue of whether the VBLHC is a debt collector, for the letter sent by VBLHC is not a communication in connection with a collection of a debt. The Seventh Circuit in Bailey v. Security National Servicing Corp. held that a letter that does not demand payment does not qualify as communication in connection with the collection of any debt subject to the FDCPA. 154 F.3d 384, 388-89 (7th Cir. 1998). The VBLHC letter only cautions the plaintiff and his client from taking any action against Banc America. In fact, the plaintiff even states in his complaint that the VBLHC letter is in response to his communications with Banc America. (Complaint ¶ 11). The VBLHC letter is only a warning and the Seventh Circuit has stated, "a warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstances wherein payments are missed and a real dun must be mailed." Bailey, 154 F.3d at 389. The letter does not include any demand for payment and does not even discuss payment. Therefore, the letter does not fall under the FDCPA, Count V of the plaintiff's complaint is dismissed and VBLHC is dismissed as a party.

3

## Conclusion

For the foregoing reasons, defendant Varga Berger Ledsky Hayes & Casey's motion to dismiss Count V of plaintiff Norman Wexler's five count complaint brought under the Fair Debt Collections Practices Act, 15 U.S.C. § 1681 et seq., is GRANTED. Varga Berger Ledsky Hayes & Casey is dismissed from the case.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: **AUG 2 3 2000**